[Civ. No. 19940. Fourth Dist., Div. Two. Feb. 18, 1982.]

THE PEOPLE ex rel. EDWARD COOPER, as City Attorney, etc.,
Plaintiff and Appellant, v.
MITCHELL BROTHERS' SANTA ANA THEATER et al.,
Defendants and Appellants.

938

COUNSEL

James J. Clancy for Plaintiff and Appellant.

Robert L. Thorp for Defendants and Appellants.

OPINION

**MORRIS, Acting P. J.**—The Supreme Court of the United States on November 30, 1981, issued its judgment and mandate that the judgment of the Court of Appeal "in this cause is reversed," and "that this cause is remanded to the Court of Appeal of California, Fourth Appellate District, for further proceedings not inconsistent with the opinion of this Court."

The opinion of the United States Supreme Court, reported at 454 U.S. 90 [70 L.Ed.2d 262, 102 S.Ct. 172], disapproved a portion of this court's earlier opinion which held that the issue of obscenity *vel non* in a public nuisance abatement action must be proved beyond a reasonable

doubt. (*People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater* (1981) 114 Cal.App.3d 923, 935-937 [171 Cal.Rptr. 85].) ■ The Supreme Court concluded that "while a State may require proof beyond reasonable doubt in ... [a civil] obscenity case, that choice is solely a matter of state law. The First and Fourteenth Amendments do not require such a standard." (454 U.S., at pp. 93-94 [70 L.Ed.2d, at p. 267, 102 S.Ct., at p. 174].) Thus, on remand, the only issue before us is whether California law requires the application of the strictest standard of proof in this case even though such is not mandated by the federal Constitution.[1] We have reexamined our opinion and conclude that this state's law does not so require.

Defendants here contend that state constitutional and statutory law both favor the use of a stricter standard of proof than is required by the federal Constitution. It is correctly noted that the California Supreme Court has determined that section 2 of article I of the state Constitution[2] is "[a] protective provision more definitive and inclusive than the First Amendment." (*Wilson* v. *Superior Court* (1975) 13 Cal.3d 652, 658 [119 Cal.Rptr. 468, 532 P.2d 116]; see also *Robins* v. *Pruneyard Shopping Center* (1979) 23 Cal.3d 899, 908-910 [153 Cal.Rptr. 854, 592 P.2d 341], affd. (1980) 447 U.S. 74 [64 L.Ed.2d 741, 100 S.Ct. 2035].) However, this state's high court has never indicated that, in the civil regulation of obscenity, courts should adhere to more rigorous procedures than required by the federal Constitution. (See generally *People* ex rel. *Busch* v. *Projection Room Theater* (1976) 17 Cal.3d 42 [130 Cal.Rptr. 328, 550 P.2d 600], cert. den. *sub nom., Van de Kamp* v. *Projection Room Theater*, 429 U.S. 922 [50 L.Ed.2d 289, 97 S.Ct. 320].) Absent such a pronouncement, we see no reason to construe the California Constitution more broadly than the First Amendment on the burden of proof issue. (See *People* v. *Superior Court* (*Olson*) (1979) 96 Cal.App.3d 181, 195 [157 Cal.Rptr. 628], cert. den. (1980) 446 U.S. 935 [64 L.Ed.2d 787, 100 S.Ct. 2152].)

---

[1]The Supreme Court denied the city attorney's petition for certiorari in all respects except as to "question 2 ..., namely, whether a city, in a public nuisance abatement action brought against a motion picture theater, must prove beyond a reasonable doubt that the motion pictures at issue are obscene." (454 U.S., at p. 90 [70 L.Ed.2d, at pp. 264-265, 102 S.Ct., at p. 172].)

[2]Article I, section 2, subdivision (a) provides: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

Defendants also point out that the statutory definition of obscenity in this state (Pen. Code, § 311) is stricter than the United States Supreme Court's definition. (*Bloom* v. *Municipal Court* (1976) 16 Cal.3d 71, 77 [127 Cal.Rptr. 317, 545 P.2d 229].) This argument is not relevant to the issue before us, because the Legislature has not imposed a different standard of proof in civil obscenity cases.

In our opinion the problem of balancing the state's interest in controlling obscenity and the individual's constitutional right of free speech is sufficiently complex. We do not think the adoption of a different procedural rule with respect to the proof of obscenity under state law would either advance the cause of free speech or help control obscenity. Therefore, since the Supreme Court has announced that the United States Constitution does not require proof beyond a reasonable doubt, we conclude that the proper standard of proof under both the state and federal Constitutions is the "clear and convincing evidence" standard.

As the Supreme Court stated in its opinion in this case (454 U.S., at p. 93 [70 L.Ed.2d, at p. 266, 102 S.Ct., at pp. 173-174]), it has on several occasions held that the "clear and convincing" standard or one of its variants is the appropriate standard of proof in a limited number of civil cases to protect particularly important interests. (See *Addington* v. *Texas* (1979) 441 U.S. 418, 431-433 [60 L.Ed.2d 323, 334-335, 99 S.Ct. 1804] (civil commitment); *Rosenbloom* v. *Metromedia* (1971) 403 U.S. 29, 51-52 [29 L.Ed.2d 296, 316-317, 91 S.Ct. 1811] (libel); *Woodby* v. *Immigration Service* (1966) 385 U.S. 276, 285-286 [17 L.Ed.2d 362, 368-369, 87 S.Ct. 482] (deportation); *Chaunt* v. *United States* (1960) 364 U.S. 350, 353 [5 L.Ed.2d 120, 123, 81 S.Ct. 147] (denaturalization); *Schneiderman* v. *United States* (1943) 320 U.S. 118, 159 [87 L.Ed. 1796, 1820, 63 S.Ct. 1333] (denaturalization).) In our view such an interest is involved in this case. Thus, both the First Amendment to the United States Constitution and article I, section 2, of the California Constitution require that obscenity be proved by clear and convincing evidence in a public nuisance abatement action.

The trial court in the present case thus erred in requiring the fact of obscenity to be proved beyond a reasonable doubt. Since the court issued injunctions against only 11 of the 17 films complained of, the city attorney may again seek to enjoin the remaining 6 films. The case is remanded for further proceedings consistent with this opinion. Except for

the section concerning standard of proof, we reiterate our earlier opinion (114 Cal.App.3d 923) in its entirety.

McDaniel, J., and Gardner, J.,* concurred.

The petition of plaintiff and appellant for a hearing by the Supreme Court was denied May 27, 1982. Reynoso, J., was of the opinion that the petition should be granted.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.