[Civ. No. 30523. Fourth Dist., Div. Two. Mar. 7, 1985.]

THE PEOPLE ex rel. EDWARD COOPER, as City Attorney, etc.,
Plaintiff and Appellant, v.
MITCHELL BROTHERS' SANTA ANA THEATER et al.,
Defendants and Appellants.

380

COUNSEL

James J. Clancy for Plaintiff and Appellant.

Michael Kennedy and Thomas Steel for Defendants and Appellants.

OPINION

MORRIS, P. J.—Plaintiff appeals from those portions of a superior court order that denied the plaintiff's motion for attorney's fees on appeal, and granted that part of defendants' motion to tax costs that objected to (1) attorney's fees as a part of costs on appeal, and (2) costs incurred in the proceedings in the United States Supreme Court.

Defendants appeal from that part of the superior court order that denied portions of their motion to tax costs.

Some discussion of the history of this case is necessary for an understanding of the issues presented in this appeal.

Initially, both the plaintiff and defendants appealed from a judgment in an action brought by plaintiff to enjoin the showing of 17 allegedly obscene films on the ground that they constituted a public nuisance as defined by Civil Code sections 3479 and 3480. The trial was bifurcated and the case was tried in part by jury and in part to the court. The jury first decided the issues of obscenity, public nuisance, and assessed the amount of damages. Following the presentation of evidence to the jury, including the viewing of 17 films at the defendants' theater, the jury was instructed, inter alia, that a film could be found obscene only if the jurors were convinced of such obscenity "beyond a reasonable doubt." The jury found eleven films obscene, four not obscene, and could not reach a verdict on the remaining two. The jury awarded a total of $76,400 in compensatory damages.

Thereafter, the court issued its judgment and findings of fact and conclusions of law on the equitable issues. The court ruled against plaintiff in its efforts (1) to establish a constructive trust on the theater's box office receipts, (2) to revoke defendants' license, and (3) to close the theater for one year. The court ruled in city's favor by (1) permanently enjoining the exhibition or advertising by the defendants of the 11 films found obscene by the jury, (2) ordering the defendant to allow city's officers "free and total access to all parts of the theater" for a two-year period for monitoring purposes, (3) ordering defendants to deposit $100,000 "in trust for the City . . . as a security deposit against future attorney fees, costs, and expenses incurred by the City" in abating future nuisances by defendants within a two-year period, (4) ordering destruction of the 11 film prints of the obscene films, and (5) awarding the city $5,869.31 in costs. (*People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater* (1981) 114 Cal.App.3d 923 [171 Cal.Rptr. 85].)

Both parties appealed from those portions of the judgment that were adverse to them. Also, the defendants sought reversal of a discovery order that defendants pay $5,000 in sanctions to the city's counsel for noncompliance with earlier discovery orders.

This court upheld the $5,000 discovery sanction and those parts of the judgment enjoining the defendants from advertising or exhibiting the 11 films found to be obscene beyond a reasonable doubt and denying the city's

request for a constructive trust, the revocation of defendants' license, and the closure of defendants' theater. This court reversed those parts of the judgment awarding $76,400 damages to the city and ordering access to all parts of the theater for two years, the payment of $100,000 into a trust fund for further attorney's fees, and the destruction of the prints of the films. (*Id.*)

Inasmuch as the appeal resulted in a partial reversal of the judgment, and this court did not otherwise award costs, the remittitur, issued on May 18, 1981, included an award of costs on appeal to defendants as the prevailing party pursuant to rule 26(b) of the California Rules of Court.

The clerk correctly interpreted rule 26(b) in that the defendants were then the prevailing party in the appeals of both plaintiff and defendants.

Defendants' appeal was on the ground, inter alia, that the relief afforded by the trial court was impermissibly broad. The partial reversal was responsive to this appeal.

Plaintiff's grounds for appeal had been rejected, including the contention that the trial court had improperly required it to prove its obscenity claim beyond a reasonable doubt. (*People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater, supra,* 114 Cal.App.3d 923.)

Thereafter, the United States Supreme Court granted certiorari on the issue of the appropriate standard of proof. The Supreme Court concluded that the United States Constitution does not require proof beyond a reasonable doubt in a civil obscenity case. Consequently, the decision of this court was reversed and the case remanded to us to determine whether under the California Constitution there is a more stringent burden of proof than the clear and convincing evidence standard found to be the strictest standard potentially applicable under the United States Constitution. (*California* ex rel. *Cooper* v. *Mitchell Bros.* (1981) 454 U.S. 90 [70 L.Ed.2d 262, 102 S.Ct. 172].)

On remand this court held, "In our opinion the problem of balancing the state's interest in controlling obscenity and the individual's constitutional right of free speech is sufficiently complex. We do not think the adoption of a different procedural rule with respect to the proof of obscenity under state law would either advance the cause of free speech or help control obscenity. Therefore, since the Supreme Court has announced that the United States Constitution does not require proof beyond a reasonable

doubt, we conclude that the proper standard of proof under both the state and federal Constitutions is the 'clear and convincing evidence' standard.

" . . . . . . . . . . . . . . . . . . . . . . . . .

"The trial court in the present case thus erred in requiring the fact of obscenity to be proved beyond a reasonable doubt. Since the court issued injunctions against only 11 of the 17 films complained of, the city attorney may again seek to enjoin the remaining 6 films. The case is remanded for further proceedings consistent with this opinion. Except for the section concerning standard of proof, we reiterate our earlier opinion (114 Cal.App.3d 923) in its entirety." (*People* ex rel. *Cooper* v. *Mitchell Brothers' Santa Ana Theater* (1982) 128 Cal.App.3d 937, 940-941 [180 Cal.Rptr. 728].)

### Costs on Appeal

 The remittitur, filed by the clerk of this court on June 7, 1982, awarded costs to "Respondents" as the prevailing party pursuant to rule 26(b) of the Rules of Court. Unfortunately, this order was ambiguous. Inasmuch as plaintiff had now prevailed on one issue raised in its appeal, there were now two prevailing parties. Each party had succeeded in obtaining a partial reversal of the judgment. Because this court did not specify who was entitled to costs, the clerk attempted to enter costs as mandated by rule 26(b). The clerk designated "Respondents" in an apparent effort to recognize the fact that there was now a second prevailing party.

We now recognize that due to the complexity of the issues and the nature of the appeals, this court's opinion should have specified the prevailing parties as to each appeal. Nevertheless, because the remittitur involves two appeals and does not specify on which appeal the costs are awarded, it must be interpreted to apply to both appeals.

In any event, in the absence of an award by the court, the clerk has no discretion but must award costs pursuant to rule 26(b). Thus with respect to the appeal of plaintiff, appellant, cross-respondent People of the State of California ex rel. City Attorney of Santa Ana, the plaintiff is the prevailing party because it has obtained a partial reversal of the judgment; and with respect to the appeal of defendants, appellants, cross-respondents Mitchell Brothers Santa Ana Theater et al., the defendants are still the prevailing party because they have obtained a partial reversal of the judgment.[1]

---

[1]California Rules of Court, rule 26(b), provides in pertinent part: "In the absence of such directions by the reviewing court the clerk shall enter on the record and insert in the remittitur a judgment for costs as follows: . . . (4) in the case of a reversal of the judgment, in whole or in part, with or without directions, for the appellant."

■ "The interpretation of a remittitur requires that the court's opinion be consulted, especially in case of ambiguity [citations], and that meaning given to it which harmonizes with the court's ruling." (*Combs* v. *Haddock* (1962) 209 Cal.App.2d 627, 631 [26 Cal.Rptr. 252].)

■ The trial court's order awarding costs to plaintiff as the prevailing party in both appeals is reversed and the matter remanded to the trial court for further proceedings. Plaintiff is to receive the costs of its appeal and defendants are to recover costs of their appeal. The costs are to be apportioned on the basis of the portions of the transcripts and briefs devoted to each appeal. (See *Baldie* v. *Bank of America* (1950) 97 Cal.App.2d 614, 614 [217 P.2d 1011].)

*Attorney's Fees*

The second remittitur issued from this court on June 7, 1982.

On July 6, 1982, plaintiff filed its "Memorandum of Costs on Appeal" in which it claimed attorney's fees as a part of the costs under the "private attorney general" theory. On September 8, 1982, plaintiff filed its notice of motion for an award of attorney's fees on appeal, relying on *Serrano* v. *Priest* (1977) 20 Cal.3d 25, 50 [141 Cal.Rptr. 315, 569 P.2d 1303], and California Code of Civil Procedure section 1021.5.

Subsequently, plaintiff asserted the additional right to an award of reasonable attorney's fees in reliance on newly enacted Civil Code section 3496.

Plaintiff's request for attorney's fees was denied on the grounds that Code of Civil Procedure section 1021.5 is not applicable to claims in favor of public entities, and that Civil Code section 3496 does not authorize trial courts to award fees incurred on appeal. This appeal followed.

■ A. Code of Civil Procedure section 1021.5 provides as follows: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. *With respect to actions involving public entities,*

*this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."* (Italics added.)

The trial court correctly held that Code of Civil Procedure section 1021.5 is not applicable to claims of public entities. The section expressly states that *it is not applicable in favor of public entities.*

Plaintiff argues that the exclusion of "public entities" in Code of Civil Procedure section 1021.5 cannot be read as excluding recovery by the city attorney of Santa Ana when he acts as a plaintiff on behalf of the residents of Santa Ana in an environmental protection lawsuit because there is no rational basis to exclude the city attorney when he acts as a plaintiff and private attorney general on behalf of the residents of the city. This argument ignores the fact that this action was a nuisance abatement action brought by the city attorney in the name of the People of the State of California. The city attorney is one of the officers authorized by law to abate a public nuisance. (Civ. Code, § 3494; Code Civ. Proc., § 731.)

The city attorney was not acting as a "private" attorney general in abating the public nuisance in this case. Neither Code of Civil Procedure section 1021.5 nor the private attorney general doctrine as elucidated in *Serrano* v. *Priest, supra,* 20 Cal.3d 25 grant plaintiff any right to attorney's fees in this case. Furthermore, "[t]he doctrine rests upon the recognition that *privately initiated lawsuits* are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, *private actions* to enforce such important policies will as a practical matter frequently be infeasible." (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 933 [154 Cal.Rptr. 503, 593 P.2d 200], italics added.)

This rationale has no application to the performance of official action by the governmental officers and agencies whose duty it is to prosecute such actions.

■■■ B. Civil Code section 3496 provides in pertinent part as follows: "In any of the following described cases, the court may award costs, including the costs of investigation and discovery, and reasonable attorneys' fees, which are not compensated for pursuant to some other provision of law, *to the prevailing party*:

"(a) in any case in which a governmental agency seeks to enjoin the sale, distribution, or public exhibition, for commercial consideration, of obscene matter, as defined in Section 311 of the Penal Code." (Italics added.)

Civil Code section 3496 was added by Statutes 1982, chapter 1267, section 1, page 4671, and amended by Statutes 1983, chapter 1178, section 1.[2] This section, as amended, clearly permits the court to award attorney's fees to the prevailing party, including the public entity, in certain abatement actions inasmuch as the abatement law does not otherwise provide for compensation.

Plaintiff's action to enjoin the public exhibition for commercial purposes, of obscene matter, is within the provisions of Civil Code section 3496 authorizing the court to award reasonable attorney's fees to the prevailing party. Section 3496 became effective prior to the final determination of the appeal in this case. ■ New legislation on attorney's fees applies to all attorney fee rulings pending on appeal when the statute becomes effective, unless a manifest injustice would thereby result. (*Woodland Hills Residents Assn., Inc.* v. *City Council, supra,* 23 Cal.3d at pp. 928-934.)[3] ■ Accordingly, the statute authorizes the award of reasonable attorney's fees and the costs of necessary investigation and discovery as a part of costs to be awarded plaintiff on its appeal.

The trial court recognized the applicability of Civil Code section 3496 to pending cases, but failed to award attorney's fees in this case in the belief that it had no authority to award fees incurred on appeal. In this the trial court was mistaken. Under section 3496, reasonable attorney's fees may be awarded as a part of costs. The award of costs by the appellate court is a general judgment for costs, and is merely a determination that the party is entitled to recover costs, if proper proof is made to the trial court, after the remittitur goes down. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 592, p. 4522.)

■ Where attorney's fees are authorized by statute they are authorized on appeal as well as in the trial court. (See *T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 65 [112 Cal.Rptr. 910].) The procedure usually followed in determining attorney's fees on appeal is for the appellate court to either determine entitlement to fees and remand to the

---

[2]As originally enacted, the section provided as follows: "3496. In a case in which the court enjoins the sale, distribution, or public exhibition, for commercial consideration, of obscene matter, as defined in Section 311 of the Penal Code, the court may award costs to the *prevailing government agency* which brought the action. Such costs may include the costs of investigation and reasonable attorney fees." (Stats. 1982, ch. 1267, § 1, p. 4671, italics added.)

[3]Although the opinion of this court (128 Cal.App.3d 937) became final on March 18, 1982, the issue relating to attorney's fees is still pending.

388

trial court for determination of amount, or to remand both the determination of entitlement and amount to the trial court. This is because generally the trial court is better equipped to resolve factual issues that may affect the award of fees. (See Cal. Attorney's Fees Award Practice (Cont.Ed.Bar 1982) §§ 9.1-9.6, pp. 97-101.)

 In the order remanding this matter to the trial court for further proceedings, this court did not direct the trial court in the matter of attorney's fees.

Nevertheless, in view of the subsequent enactment and amendment of Civil Code section 3496, both parties, having prevailed on appeal, became entitled to have attorney's fees considered as a part of costs. Because this court had decided neither entitlement nor amount, the trial court had full discretion to determine both issues on the motion to tax costs. In view of its determination that section 3496 does not authorize attorney's fees on appeal, it appears that the trial court failed to exercise its discretion.

Nevertheless, because we are convinced that as a matter of law the proper result was reached, it will be unnecessary for the trial court to reconsider this issue on remand. (See *Pacific Legal Foundation* v. *California Coastal Com.* (1982) 33 Cal.3d 158, 167 [188 Cal.Rptr. 104, 655 P.2d 306].)

First, in *Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 635 [186 Cal.Rptr. 754, 652 P.2d 985], the Supreme Court noted that prevailing parties are compensated for hours reasonably spent on fee-related issues. The court went on to state that when fees are unreasonably inflated, the trial court may reduce the award or deny one altogether.

Although the private attorney general doctrine is inapplicable in this case, the Supreme Court's discussion in *Serrano* v. *Unruh* is helpful in determining the appropriate method of setting the amount of attorney's fees when such fees are otherwise authorized by law.

Second, although plaintiff raised more than twenty issues on its appeal, it ultimately prevailed on only one issue asserted in its appeal. Defendants prevailed on four issues raised in its appeal.[4]

In *Kytasty* v. *Godwin* (1980) 102 Cal.App.3d 762 [162 Cal.Rptr. 556], the plaintiff sued to quiet title to property over which defendants claimed

---

[4]We have counted only those issues raised by the parties which resulted in a modification of the trial court's judgment, inasmuch as that was the basis upon which costs were awarded. (Cal. Rules of Court, rule 26(b).)

an easement. The trial court gave judgment for defendants, upholding defendants' right to a 60-foot easement. On appeal the judgment was modified to grant an 8-to 12-foot easement to be determined on remand. Both parties sought attorney's fees under the contract and Civil Code section 1717 providing for attorney's fees to the prevailing parties. Fees were denied on the ground that because the decision was good news and bad news to each of the parties, neither party was the prevailing party on appeal.

Under California Rules of Court, rule 26(b), plaintiff could only be held to be the prevailing party on its appeal. Moreover, of the multitude of issues raised in its appeal, it ultimately prevailed on only one—the burden of proof. In plaintiff's 272-page opening brief filed in this court, only 6 pages were devoted to the burden of proof issue.[5] Plaintiff's subsequent petitions to the California and the United States Supreme Courts were similar in their devotion to extraneous issues. Even on remand to this court plaintiff's supplemental brief and arguments were largely devoted to seeking to persuade this court to reconsider its previous decision on other issues, as were its subsequent petitions to the California and United States Supreme Courts.[6]

In view of the great disparity in the preparation time necessarily devoted to the sole issue on which plaintiff prevailed on its appeal to the time devoted to other issues, any reasonable consideration of the plaintiff's entitlement to a fee award must find it outweighed by time devoted to issues on which plaintiff did not prevail.

Moreover, we have searched the record in vain for any showing by plaintiff in the trial court with respect to the time actually spent on issues on which plaintiff prevailed either on its appeal or on defendants' appeal. Under the circumstances above described and absent any showing to substantiate plaintiff's claim with respect to the issue on which plaintiff did prevail, we find that the trial court properly denied attorney's fees to plaintiff in this case.

---

[5]It also included a 317-page "Expanded Statement of Facts" which had no relevance to the issue.

[6]As noted in our first opinion in this appeal, "Some mention of the City's opening brief is necessary. Rarely has there been such a total disregard for that section of rule 13 of the Rules of Court which requires the statement of the case to be '[set] forth concisely.' The 'brief' spans 272 pages (at 36 lines to the page) and is supplemented by a 317-page 'Expanded Statement of Facts.' While such a large document is occasionally helpful (*Conaway* v. *Yolo Water & Power Co.* (1928) 204 Cal. 125, 127 [266 P. 944, 58 A.L.R. 674]), most often, as here, it is not. (*King* v. *Gildersleeve* (1889) 79 Cal. 504, 507-508 [21 P. 961]; *Couts* v. *O'Neill* (1921) 51 Cal.App. 152, 158 [196 P. 109].)" (*People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater, supra,* 114 Cal.App.3d at p. 929, fn. 5.)
We now add that the same disregard for the Rules of Court has continued to plague this case.

In view of the fact that defendants made no claim under Civil Code section 3496, the issue of attorney's fees will not be remanded to the trial court for further consideration.

In light of the above ruling, it is unnecessary for this court to consider defendants' additional contention relating to the constitutionality of section 3496.

Moreover, because this case must be remanded to the trial court so that it may properly apportion costs on the two appeals, it is unnecessary for this court to consider defendants' contentions with respect to the adequacy of plaintiff's documentation of its remaining costs on appeal.

■ There is one additional issue that does require resolution. That is whether the trial court correctly denied plaintiff's request for costs of printing its petition in the United States Supreme Court. We hold that it did. United States Supreme Court Rule 50.3 provides as follows: "The fees of the Clerk and the costs of serving process and printing the joint appendix in this Court are taxable items. The costs of the transcript of record from the court below is also a taxable item, but shall be taxable in that court as costs in the case. *The expenses of printing briefs, motions, petitions, or jurisdictional statements are not taxable.*" (Italics added.)

The California Supreme Court in *Sacramento M. U. Dist.* v. *P. G. & E. Co.* (1942) 20 Cal.2d 684, 690 [128 P.2d 529], long ago recognized that ". . . as to matters of costs in actions in the federal courts, the United States statutes when they cover the subject are controlling, and may not be regulated by state statutes which result in penalizing the free access to the federal courts in proper cases."

The Supreme Court, assuming that the subject of costs was wholly covered by federal statute, went on to distinguish the attorney's fees allowed by the state statute there involved from costs. The court concluded that the state statute allowing attorney's fees (Code Civ. Proc., § 526b) created an independent substantive right, and did not attempt to regulate the practice and procedure in relation to costs in the federal court.

It is otherwise in the instant case. Plaintiff is asking this court to require the trial court to award plaintiff the cost of printing its petition in the Supreme Court.

That matter is explicitly covered by the federal rule, enacted pursuant to the authority of federal statute. (28 U.S.C.A. § 2071.)

*Disposition*

The trial court's order awarding costs to plaintiff as the prevailing party on both appeals in *People* ex rel. *Cooper* v. *Mitchell Brothers' Santa Ana Theater* is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.

The trial court's order denying the plaintiff's motion for attorney's fees on appeal and denying costs incurred in the proceedings in the United States Supreme Court are affirmed.

Each party is ordered to bear its own costs, including attorney's fees, on this appeal.

Kaufman, J., and Rickles, J., concurred.

Petitions for a rehearing were denied April 3, 1985, and the petition of plaintiff and appellant for review by the Supreme Court was denied May 29, 1985.