[No. A124199. First Dist., Div. Four. Dec. 21, 2010.]

CITY OF SANTA ROSA et al., Plaintiffs and Appellants, v.
RAMAN D. PATEL et al., Defendants and Respondents.

[No. A124452. First Dist., Div. Four. Dec. 21, 2010.]

CITY OF SANTA ROSA et al., Plaintiffs and Respondents, v.
RAMAN D. PATEL et al., Defendants and Appellants.

## COUNSEL

Caroline L. Fowler, City Attorney, and Michael J. Casey, Assistant City Attorney, for Plaintiffs and Appellants and for Plaintiffs and Respondents.

Frank A. Weiser for Defendants and Respondents and for Defendants and Appellants.

## OPINION

**RIVERA, J.**—These appeals, consolidated on this court's motion, follow the trial court's entry of an order awarding the City of Santa Rosa and the People of the State of California (collectively, the City) attorney fees in this red light abatement action. In appeal No. A124199, the City contends that the court erred in using a cost-plus approach rather than the lodestar method in calculating the amount of the attorney fees award. In appeal No. A124452, the Patels[1] argue that the court erred in awarding fees because the City lacked standing to pursue the underlying action and that, in any event, the fee award should be modified as the City's judgment in the underlying case was modified on appeal. We conclude that the trial court erred in not using the

---

[1] The Patels are: Raman D. Patel, individually and as trustee of the Raman D. and Jashu R. Patel Family Trust, Raman D. and Jashu R. Patel Residual Trust, and Raman D. and Jashu R. Patel Survivor's Trust, and as general partner of the Jas 4 Ray Properties, L.P., Rita Patel, David Stafford, and Prita Patel.

lodestar method to calculate the fee award and, therefore, remand the matter to the trial court for a recalculation of the fee award. We will dismiss appeal No. A124452 as moot.

## I. FACTUAL BACKGROUND

On June 25, 2008, the court entered judgment in favor of the City under the red light abatement law (Pen. Code, § 11225 et seq.) and the unfair competition law (Bus. & Prof. Code, § 17200 et seq.).[2] On July 30, 2008, the City filed a motion seeking attorney fees under Civil Code[3] section 3496, subdivision (b). It sought fees totaling $274,857.25 under the lodestar method claiming an attorney hourly rate of $325. The Patels opposed the motion, contending that the fees requested by the City were unreasonable and that only the actual fees incurred should be awarded.

Following a hearing on the motion, the court ruled that the City was entitled to attorney fees under section 3496 as the prevailing party in an abatement action. The court, however, determined that the City was not entitled to the prevailing market rate, but that fees would be limited to the actual cost of the services rendered. The court, therefore, asked the City to document the actual government cost for the hours worked. The court further found that the Patels had not successfully contested the amount of hours worked by the City and, thus, set a hearing to address only the costs of the services rendered.

After another hearing on the fee issue, the court, using a cost-plus method to calculate fees, ordered that the City was entitled to fees of $152,506.17 based on an hourly rate of $177.34. The court noted, however, that if a market approach was ultimately found to be appropriate, the lodestar rate of $325 per hour requested by the City was reasonable. These appeals followed.

## II. DISCUSSION

We review the trial court's order awarding fees for abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [95 Cal.Rptr.2d 198, 997 P.2d 511] (*PLCM Group*).)

The City contends that the court abused its discretion in using a cost-plus approach in calculating the fee award under section 3496, subdivision (b) rather than the lodestar, prevailing market rate method.

---

[2] In a prior appeal, *City of Santa Rosa v. Patel* (May 25, 2010, A122151) (nonpub. opn.) (*Patel I*), we modified the trial court's judgment.

[3] Unless otherwise indicated, statutory references are to the Civil Code.

■ Section 3496 provides for the recovery of attorney fees in certain actions, including a nuisance abatement action in which a governmental agency seeks to enjoin the use of a building or place being used for prostitution. (§ 3496, subd. (b); *People ex rel. Cooper v. Mitchell Brothers' Santa Ana Theater* (1985) 165 Cal.App.3d 378, 387 [211 Cal.Rptr. 501].) Section 3496 does not provide for the method to be utilized in calculating a fee award, but the Legislature has endorsed the use of the lodestar method of calculating fees except in circumstances where it expressly provided otherwise. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135 [104 Cal.Rptr.2d 377, 17 P.3d 735] (*Ketchum*); see also *Meister v. Regents of University of California* (1998) 67 Cal.App.4th 437, 448–449 [78 Cal.Rptr.2d 913] (*Meister*) [lodestar method applies to a statutory fee award unless the statutory authorization for the award sets forth another method of calculation].)

■ "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. . . . The reasonable hourly rate is that prevailing in the community for similar work. [Citations.] The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. [Citation.] Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." (*PLCM Group, supra,* 22 Cal.4th at p. 1095.)

Here, however, the court chose not to use the lodestar method, relying on language in *City of Oakland v. McCullough* (1996) 46 Cal.App.4th 1, 6 [53 Cal.Rptr.2d 531] (*McCullough*). In *McCullough,* the court addressed the question of whether overhead expenses were included within the recoverable attorney fees of government attorneys who prosecuted a drug house abatement action. There, the City of Oakland sought attorney fees based on the attorneys' actual hourly salaries plus an hourly overhead component consisting of employee fringe benefits and office operation expenses. (*Id.* at p. 4.) The court, in distinguishing federal civil rights and California private attorney general cases generally prosecuted by private counsel or public interest law firms, stated that "[t]here is no 'prevailing market rate' or 'reasonable market value' for such prosecutions [by government counsel], for they are not provided in a free market. The cost of such services is the only sensible basis for calculation of a fee recovery." (*Id.* at p. 6.) The court concluded that "because the Legislature intended section 3496 to offset the expenses of investigating and prosecuting a drug house abatement action, and allocable overhead expenses as well as salaries are properly regarded as expenses of such an action, those expenses as well as salaries are recoverable under Civil Code section 3496." (*Id.* at p. 7.)

The *McCullough* court did not address the issue presented here, viz., whether the lodestar or cost-plus approach applies to section 3496 cases. The issue in *McCullough* was the narrow question of whether overhead costs were recoverable. It is not authority for the proposition that a cost-plus approach is mandated for fee recovery under section 3496. (See *PLCM Group, supra,* 22 Cal.4th at p. 1097 ["language of an opinion must be construed with reference to the facts presented by the case; the positive authority of a decision is coextensive only with such facts"]; *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689] [an opinion is not authority for an issue that was not considered].) The language in *McCullough* that the cost-plus method is "the only sensible basis" for calculating fee recovery under section 3496 is simply dicta.

■ *PLCM Group, supra,* 22 Cal.4th 1084 is instructive. There, our Supreme Court considered whether an entity represented by in-house counsel could recover attorney fees under section 1717. (*PLCM Group,* at p. 1088.) The trial court awarded fees based on the prevailing market rate for attorneys of comparable experience. The defendant appealed, contending that the entity was entitled to no attorney fees or at most to fees in an amount not exceeding the in-house counsel's actual salary. (*Id.* at p. 1090.) The Supreme Court rejected the theory that a cost-plus approach, based on a calculation of the actual salary, costs, and overhead of in-house counsel, should apply to fee recovery under section 1717. The court opined that "the market value approach has the virtue of being predictable for the parties and easy to administer. By contrast, the cost-plus approach, in addition to being cumbersome, intrusive, and costly to apply, may distort the incentives for settlement and reward inefficiency." (*PLCM Group,* at p. 1097.) The court noted, however, that while it was reasonable to apply the lodestar method to calculate the amount of attorney fees for in-house counsel, a trial court was not precluded from using other methodologies in exceptional circumstances. (*Ibid.*) Finally, the court concluded that a cost-plus method would be impracticable and " 'an unwarranted burden and bad public policy.' " (*Id.* at p. 1098.)

In *Ketchum, supra,* 24 Cal.4th at page 1135, the Supreme Court further endorsed the lodestar method for calculating attorney fees, noting that the Legislature has expressly stated when use of the lodestar approach would be inappropriate. Thus, in *Ketchum,* the court held that "because the anti-SLAPP provisions refer to attorney fees and costs without indicating any restrictions on how they are to be calculated, we accordingly presume that the Legislature intended courts use the prevailing lodestar adjustment method." (*Id.* at

p. 1136.) The court recognized that "[u]nder our precedents, the unadorned lodestar reflects the general local hourly rate for a *fee-bearing case* . . . ." (*Id.* at p. 1138.)[4]

Additional guidance on this issue is provided in *Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629 [71 Cal.Rptr.2d 632] (*Flannery*), and *Meister, supra,* 67 Cal.App.4th 437. The *Flannery* court held that the lodestar method was not limited to calculating reasonable fees under Code of Civil Procedure section 1021.5, but also applied to determining fees under the Fair Employment and Housing Act's fee provision (Gov. Code, § 12965, subd. (b)). (*Flannery, supra,* 61 Cal.App.4th at pp. 640, 646–647.) In *Meister,* the court followed *Flannery* in concluding that the lodestar method was applicable to an attorney fee award under the Information Practices Act of 1977 (Civ. Code, § 1798 et seq.). (*Meister, supra,* 67 Cal.App.4th at pp. 441, 448–449.) Thus, the *Meister* court held, "We are persuaded by *Flannery* that the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award unless the statutory authorization for the award provided for another method of calculation." (*Ibid.*)

■ Here, the trial court erred in determining that it was required to use a cost-plus approach for calculating the City's fee award. As section 3496 did not provide for a specific method to be used for fee calculation, the lodestar method was applicable. The lodestar approach affords predictability to the process and avoids protracted litigation concerning the question of salaries, costs, and the internal economics of a law office. (See *PLCM Group, supra,* 22 Cal.4th at p. 1098.) Indeed, here, the court's decision to use the cost-plus method required the City to undertake an analysis of the cost of its attorney, including salary and benefits, service and supplies, and overhead, and necessitated a second hearing on the issue. Use of the lodestar method is the more practical approach—its predictability provides incentives for settlement and it has the added benefit of being easy to administer. (*Id.* at p. 1097.) We remand the matter to the trial court for a recalculation of the fee award consistent with the views expressed in this opinion. Inasmuch as we reverse the fee award, appeal No. A124452 is moot.[5] (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 749, pp. 814–815.)

---

[4] The *Ketchum* court noted that fee awards to public entities may not be increased or decreased by a multiplier under Code of Civil Procedure section 1021.5. (*Ketchum, supra,* 24 Cal.4th at p. 1135.)

[5] We note that we have previously rejected the Patels' challenge to the City's standing to bring the Business and Professions Code section 17200 cause of action. (*Patel I, supra,* A122151.) And Penal Code section 11226 specifically authorizes the city attorney of a city to bring a red light abatement action.

## III. DISPOSITION

The order is reversed and the matter is remanded for a recalculation of the fee award utilizing the lodestar method. Appeal No. A124452 is dismissed as moot.

Ruvolo, P. J., and Reardon, J., concurred.

The petition of defendants and respondents for review by the Supreme Court was denied March 23, 2011, S190271.