Filed 8/14/20  National Funding v. American Appliance Outlet CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NATIONAL FUNDING, INC.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN APPLIANCE OUTLET, LLC et al.,<br><br>Defendants and Appellants. | D075777<br><br><br><br>(Super. Ct. No. 37-2017-00030285-CU-BC-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Gary B. Wesley for Defendants and Appellants.

Salisian | Lee, Neal S. Salisian and Glenn Coffman, for Plaintiff and Respondent.

Plaintiff National Funding, Inc. sued defendants American Appliance Outlet, LLC, Mariam Helmandy, and Odell Tristin (collectively, American Appliance) for breach of contact based on a business loan agreement and two personal guaranties.  National Funding filed a motion for summary judgment, which the trial court granted.

American Appliance appeals the ensuing judgment.  It argues (1) National Funding's motion improperly expanded the issues pled in its complaint, (2) the evidence was insufficient to show that the loan agreement had been assigned to National Funding, and (3) the evidence purportedly showing the assignment was inadmissible.  We conclude American Appliance has not demonstrated error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Consistent with our standard of review of orders granting summary judgment, we recite the historical facts in the light most favorable to American Appliance as the nonmoving party.  (See *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*); *Light v. Dept. of Parks & Recreation* (2017) 14 Cal.App.5th 75, 81.)

In April 2017, American Appliance entered into a written business loan agreement with BofI Federal Bank.  The loan agreement provided that BofI could assign its rights and duties under the agreement without consent by American Appliance.  Helmandy and Tristin personally guaranteed repayment of the loan.  National Funding was identified in the agreement as the loan servicer.

After three months, American Appliance stopped making payments on the loan.  National Funding filed this lawsuit.  In its complaint, National Funding alleged that American Appliance entered into the business loan agreement with National Funding and had breached its obligations thereunder.  National Funding further alleged that Helmandy and Tristin had breached their obligations under their personal guaranties.  National Funding alleged that it had "performed all conditions and promises required to be performed on its part" under the agreement and guaranties.  It sought

2

the unpaid loan balance of approximately $142,000, as well as prejudgment interest, attorney fees, and costs.

Several months later, National Funding filed its motion for summary judgment. It supported its motion with, among other things, the written loan agreement and personal guaranties, American Appliance's payment history, and a declaration by National Funding's Director of Portfolio Management.

American Appliance opposed the motion. As relevant here, it contended that the motion should be denied because National Funding had not shown it had standing to sue under the loan agreement. American Appliance argued that neither the motion nor National Funding's complaint mentioned any assignment of rights by BofI to National Funding. Citing *Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1258 (*Laabs*), American Appliance claimed that National Funding's motion was an improper attempt to expand the allegations of its complaint.

In reply, National Funding submitted a supplemental declaration from its director. The director stated that BofI had sold and assigned its rights under the loan agreement to National Funding soon after the agreement was executed. She attached a letter from a BofI executive vice president, dated two days before the declaration. The letter stated, "This will confirm that the Loan was sold and assigned to National Funding, Inc. on April 13, 2017. BofI Federal Bank possesses no continuing interest in, or responsibility for, the Loan."

At the summary judgment hearing, according to a settled statement, American Appliance "objected to the Court's consideration (for the truth of the matter asserted) of the claim in plaintiff's reply that there had been an assignment to plaintiff of the bank's interest in the promissory note involved in the case on the grounds that the claim constituted inadmissible hearsay,

3

was violative of the secondary evidence rule, was not supported by a corresponding statement in the plaintiff's statement of undisputed facts and was not relevant to the case under the pleadings (which alleged no such assignment). [¶] Defendants' attorney proposed that he be allowed to brief the objections and that the oral argument on the motion be re-set. The trial court stated that there would be no further briefing . . . ." The hearing was not reported.

In a written order, the court granted National Funding's motion. It found that it was undisputed that BofI sold and assigned its rights under the loan agreement to National Funding; that National Funding had performed its obligations under the agreement; and that American Appliance, Helmandy, and Tristin had breached the loan agreement and guaranties. The court entered judgment accordingly, and American Appliance appeals.

DISCUSSION

I

*Standards of Appellate Briefing and Review*

American Appliance filed an opening brief in this appeal, but its brief is insufficient to demonstrate error. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion

4

by the reviewing court.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).) "This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*).)

Even where an appellant cites general legal principles in support of certain arguments, these principles do not in and of themselves demonstrate error. "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review. The court is not required to make an independent, unassisted study of the record in search of error. The point is treated as waived and we pass it without further consideration." (*Dept. of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 (*Dept. of Alcoholic Beverage Control*).) " 'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*).)

American Appliance's opening brief does not satisfy these minimum standards (and it did not file a reply brief). Its legal discussion is less than three pages long, it contains no record citations, and it cites only a few legal authorities. It does not make any sustained legal argument on any issue. Under these circumstances, we conclude that many of American Appliance's

contentions are forfeited by its failure to adequately brief them. We address those contentions in more detail in the following parts.

## II

### *Summary Judgment Standards*

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.] [¶] Under summary judgment law, any party to an action, whether plaintiff or defendant, 'may move' the court 'for summary judgment' in his favor on a cause of action (i.e., claim) or defense [citation]—a plaintiff 'contend[ing] . . . that there is no defense to the action,' a defendant 'contend[ing] that the action has no merit' [citation]. The court must 'grant[]' the 'motion' 'if all the papers submitted show' that 'there is no triable issue as to any material fact' [citation]—that is, there is no issue requiring a trial as to any fact that is necessary under the pleadings and, ultimately, the law [citations]—and that the 'moving party is entitled to a judgment as a matter of law' [citation]." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).)

"A plaintiff or cross-complainant has met his or her burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on the cause of action. Once the plaintiff or cross-complainant has met that burden, the burden shifts to the defendant or cross-defendant to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto. The defendant or cross-defendant shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of

6

material fact exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(1).) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, *supra*, 25 Cal.4th at p. 850.)

"In reviewing an order granting summary judgment, we must assume the role of the trial court and redetermine the merits of the motion. In doing so, we must strictly scrutinize the moving party's papers. The declarations of the party opposing summary judgment, however, are liberally construed to determine the existence of triable issues of fact. All doubts as to whether any material, triable issues of fact exist are to be resolved in favor of the party opposing summary judgment. While the appellate court must review a summary judgment motion by the same standards as the trial court, it must independently determine as a matter of law the construction and effect of the facts presented." (*Pasadena Metro Blue Line Construction Authority v. Pacific Bell Telephone Co.* (2006) 140 Cal.App.4th 658, 663; accord, *Saelzler*, *supra*, 25 Cal.4th at p. 768.)

"Although our review of a summary judgment is de novo, it is limited to issues which have been adequately raised and supported in [appellant's] brief. [Citations.] Issues not raised in an appellant's brief are deemed waived or abandoned." (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6; accord, *Frittelli, Inc. v. 350 North Canon Drive, L.P.* (2011) 202 Cal.App.4th 35, 41.)

### III

*American Appliance's Contentions*

American Appliance first contends the trial court should not have granted National Funding's motion for summary judgment because the

assignment from BofI to National Funding was not pled in National Funding's complaint. It relies exclusively on *Laabs*, *supra*, 163 Cal.App.4th 1242. That case does not apply here. The appellate court in *Laabs* considered a motion for summary judgment filed by a *defendant*. (*Id*. at p. 1250.) In opposition, the plaintiff sought to introduce matters outside her complaint. (*Id*. at p. 1258.) The court held that the plaintiff's effort to expand the issues beyond her complaint was improper. (*Ibid*.) It reasoned, "To allow an issue that has not been pled to be raised in *opposition* to a motion for summary judgment in the absence of an amended pleading, allows nothing more than a moving target." (*Id*. at p. 1258, fn. 7, italics added.) If a plaintiff opposing summary judgment could expand the issues in this way, the summary judgment procedure would lose its viability because defendants could not predict what allegations they would need to challenge. (*Ibid*.)

American Appliance does not explain how *Laabs* applies where, as here, the *plaintiff* moves for summary judgment on its own complaint. The concern identified in *Laabs* that the defendant would have no notice of a plaintiff's allegations is absent because the defendant has notice of the motion itself. Despite its focus on National Funding's complaint, American Appliance does not argue it was prejudiced by National Funding's failure to allege the assignment. We note that American Appliance does not offer any argument, supported or otherwise, that the trial court erred as a procedural matter by relying on the assignment evidence that National Funding offered for the first time on reply. Any argument in this regard is therefore waived. (See *Cahill*, *supra*, 194 Cal.App.4th at p. 956; *Benach*, *supra*, 149 Cal.App.4th at p. 852.)

American Appliance next contends the evidence submitted by National Funding was insufficient to show an assignment. It claims, "To determine

8

whether one business entity assigned a contract or rights thereunder to another requires a presentation showing the persons in charge of such a decision. No such evidence was presented on summary judgment." American Appliance cites *McCown v. Spencer* (1970) 8 Cal.App.3d 216, 225, for the proposition that an assignment "must include manifestation to another person . . . of his intention to transfer the right." That proposition does not support American Appliance's more specific claim that "the persons in charge of such a decision," presumably at the relevant corporations, must be identified. American Appliance does not offer any other legal support for its claim, and it does not discuss the specific evidence offered by National Funding. It has therefore waived its contention, and we need not consider it further. (See *S.C.*, *supra*, 138 Cal.App.4th at p. 408; *Dept. of Alcoholic Beverage Control*, *supra*, 100 Cal.App.4th at p. 1078.)

Finally, American Appliance contends the assignment evidence was inadmissible and the trial court should have sustained its evidentiary objections. We conclude American Appliance forfeited this contention both in the trial court and on appeal.

To preserve its objections in the trial court, American Appliance was required to either submit written objections or arrange for a court reporter to be present at the hearing. (Cal. Rules of Court, rule 3.1352; *Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 263-264.) American Appliance did neither. Moreover, to the extent the settled statement may act as a substitute, it states only that American Appliance identified its evidentiary objections and asked for the opportunity to brief them, which was denied. It does not show that American Appliance asserted its evidentiary objections at the hearing itself, the manner of any such assertion, National Funding's response, and the court's consideration (if

9

any). Even assuming evidentiary objections could be preserved by settled statement, the statement here is insufficient to do so.

To preserve its objections in this court, American Appliance was required to present a reasoned argument with citations to authority. (See *Benach*, *supra*, 149 Cal.App.4th at p. 852.) The only authority cited in connection with this argument is Code of Civil Procedure section 437c, subdivision (d), regarding the requirement of admissible evidence, and Evidence Code sections 1521 and 1523, regarding the secondary evidence rule. American Appliance does not make any cogent argument based on those statutes. As to Code of Civil Procedure section 437c, subdivision (d), American Appliance asserts that the director's supplemental declaration does not show she had "any authority to give or receive an assignment," but the purported requirement for such authority is not addressed in that statute. As to Evidence Code sections 1521 and 1523, American Appliance does not attempt to apply the secondary evidence rule in any substantive fashion. It merely concludes that the director's supplemental declaration would violate the rule "*if* the reference of the declarant were to a writing." (Italics added.) This conditional and cursory treatment is insufficient to show error. (See *Cahill*, *supra*, 194 Cal.App.4th at p. 956; *Benach*, at p. 852.) American Appliance also asserts that the director's supplemental declaration was "inadmissible hearsay," but it does not explain that assertion. The statute cited by American Appliance shows that declarations are acceptable evidence in connection with a motion for summary judgment. (See Code Civ. Proc., § 437c, subd. (d); see also *id.*, subd. (b)(1).) We are not required to develop American Appliance's hearsay argument for it. (See *Cahill*, at p. 956; *Benach*, at p. 852.) We note, in its legal discussion, American Appliance does

not address the BofI letter at all.  American Appliance has not shown the judgment should be reversed based on any objections to evidence.[1]

DISPOSITION

The judgment is affirmed.  National Funding shall recover its costs on appeal.

GUERRERO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

AARON, J.

---

[1]  National Funding requests that we determine that it is the prevailing party in this appeal for the purpose of recovering contractual attorney fees. Although we have the power to determine entitlement to attorney fees on appeal (see *People ex rel. Cooper v. Mitchell Brothers' Santa Ana Theater* (1985) 165 Cal.App.3d 378, 387-388), we decline to do so here since the trial court will have to determine the amount of any such award in any event (see *Mesa Forest Products, Inc. v. St. Paul Mercury Ins. Co.* (1999) 73 Cal.App.4th 324, 336, fn. 15).  Our denial is without prejudice to National Funding's ability to seek fees in this appeal from the trial court on remand.