[Civ. No. 19334. Third Dist. Feb. 6, 1981.]

JAMES C. RUSSELL, Plaintiff and Appellant, v.
THERMALITO UNION SCHOOL DISTRICT,
Defendant and Respondent.

**Counsel**

Rothschild & Eisen and Randall A. Yim for Plaintiff and Appellant.

Daniel V. Blackstock, County Counsel, Marianne Heenan, Deputy County Counsel, Marsh & Marsh, Harry M. Marsh and Siona D. Windsor for Defendant and Respondent.

**Opinion**

**REGAN, Acting P. J.**—Plaintiff sought in the trial court to recover attorney fees and costs for successfully defending against an attempt by defendant to discharge him from his teaching position.

A statute, Education Code section 44944, subdivision (e) (which was formerly § 13413), provides that if the employee is successful in such circumstances, the governing board of the school district shall pay expenses of the hearing, including reasonable attorney fees incurred by the employee.

The trial court denied such expenses, based on a comprehensive analysis of the statutory and case law which appeared to that court to

be applicable, either directly or by analogy. Before a judgment was reached, hearing was held, arguments and points and authorities were entertained, an announcement of intended decision was rendered and findings of fact and conclusions of law were filed.

The essence of the trial court's ultimate decision was that since plaintiff's legal fees were to be paid under a group plan whereby he had a right to legal counsel furnished by the California Teachers Association (CTA) (group legal services, through a contracting law firm), and since the association would pay the fee, plaintiff did not himself "incur the fee" within the meaning of Education Code section 44944, subdivision (e).[1]

The trial court's ruling was based in part on its interpretation of the document which plaintiff signed when he applied for legal representation through the group plan, which, in short, entitled plaintiff to legal services if he used the firm contracting with the association to represent its members. The court expressly did not believe plaintiff's testimony that although he did use that firm he did so only because he thought it the best in its field, and believed he would be responsible for the fee. The court found plaintiff understood all along he would not be personally liable for the firm's fee.

All the aforementioned findings of fact are based on rules of credibility and weight and are not for us to disturb, but the conclusions of law applied to these facts are not sacrosanct. One of the court's conclusions of law was as follows: "Had the Legislature intended to permit the recovery of attorney fees advanced by CTA for successful defense of a dismissal action, it could readily have included appropriate language in Education Code Sec. 44944(e) specifically requiring the governing board of a school district to reimburse any professional association financing such successful defense."

---

[1]The pertinent portion of Education Code, section 44944, subdivision (e), reads as follows: "If the Commission on Professional Competence determines that the employee should not be dismissed, the governing board shall pay the *expenses of the hearing*, including the cost of the hearing officer, any costs incurred under paragraph (2) of subdivision (d), *the reasonable expenses*, as determined by the hearing officer, of the member selected by the governing board and the member selected by the employee, including, but not limited to payments or obligations incurred for travel, meals, and lodging, the cost of the substitute or substitutes, if any, for the member selected by the governing board and the member selected by the employee, and *reasonable attorney fees incurred by the employee*." (Italics added.)

The above-quoted finding, and the entire interpretation of section 44944, subdivision (e), based on it, are contradicted by a 1980 decision of the Court of Appeal, First District, filed after the judgment was entered in this case in November 1979. That decision interprets Education Code section 44944, subdivision (e), in a manner diametrically opposed to the interpretation placed upon it by the trial court in this case. The interpretation by the First District is sound statutory construction in our view and reaches a just result. The case in point is *Board of Education* v. *Commission on Professional Competence* (1980) 102 Cal.App.3d 555, 562-565 [162 Cal.Rptr. 590]. There the trial court awarded attorney fees to a teacher who had won reinstatement and the Court of Appeal affirmed, even though plaintiff stipulated that he was not billed for attorney services nor did he pay for any. The CTA, in effect, selected counsel to represent him as part of the teachers' "'benefit package'" to which he was entitled by reason of his membership in CTA, just as in this case. (*Id.* at p. 563.)

The First District analyzed the words "incur" and "incurred" as used by the Legislature in section 44944, subdivision (e), and concluded, as do we, that "to incur" does not mean to actually pay for but only to become liable for or subject to. The court said (at pp. 564-565): "We think that this construction is also the more reasonable interpretation as we consider the language and purpose of section 13413 [44944]. This section of the Education Code serves to enable a teacher to protect his or her job and to 'make whole' the successful litigant. Normally, to effectively defend against a notice of intention to dismiss, legal counsel must be employed and the client must make provision to pay for the services rendered. One thereby incurs an obligation and is liable for its discharge. The ultimate source of the funds utilized to pay the attorney for a successful aggrieved employee is immaterial. It is of no essential consequence whether the employee paid from his own available funds or his family, friends, benefactor, insurance company, or teachers' association came to his rescue.

"The District concedes that if a dismissed teacher pays attorney fees from his own funds he should be reimbursed. It argues, however, that if the teacher is represented by counsel provided by the California Teachers' Association, reimbursement is not required. The statute should not be interpreted to reach this inequitable result. It would be wrong to permit the District to benefit from such a windfall and avoid payment because the teacher had the foresight to provide himself with 'future'

legal counsel through payment of dues to the California Teachers' Association. The teacher-member hopes he will never be required to utilize the attorney he voluntarily pays for just as one who bears the costs of fire insurance premiums trusts he will never be forced to collect on the policy. In both situations the party has paid in advance for later benefits if needed. The successful teacher in a dismissal contest who was a member of the California Teachers' Association would be in a position inferior to a person not a member, because that part of his dues apportioned to the 'legal fund' would afford no benefit. Only the unsuccessful teacher who was a member would have a superior position, since his attorney fees would be paid for him.

"In our opinion, respondent Lujan satisfied the statutory requirements of section 13413 [44944] subdivision (e), in that he 'incurred' legal fees in contesting his dismissal. The responsibility of the District is to pay the reasonable attorney fees unreduced as a result of a collateral transaction."

We are in accord, and we apply the above reasoning to this case—thus reaching a result incompatible with the trial court's judgment. As further stated in the above case, the teacher is entitled to reimbursement for legal fees paid not only for representation before the commission, but also in the superior court and on appeal. (*Id.* at pp. 565-566.)

The judgment is reversed and the cause is remanded to the trial court to determine the amount of attorney fees, costs and reasonable expenses, including fees and costs on appeal, to be awarded to plaintiff. (*Id.* at p. 566; Ed. Code, § 44944, subd. (e).)

Carr, J., and Wolters, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.