[Civ. No. 65864. Second Dist., Div. Five. Nov. 4, 1983.]

NAOMI VAN HOOK, Plaintiff and Appellant, v.
BOARD OF RETIREMENT OF THE LOS ANGELES COUNTY
EMPLOYEES' RETIREMENT ASSOCIATION,
Defendant and Respondent.

[Civ. No. 66003. Second Dist., Div. Five. Nov. 4, 1983.]

MEREDITH COX, Plaintiff and Appellant, v.
BOARD OF RETIREMENT OF THE LOS ANGELES COUNTY
EMPLOYEES' RETIREMENT ASSOCIATION,
Defendant and Respondent.

**COUNSEL**

Lemaire, Fauce & Katznelson, Mark Ellis Singer and Robert K. Scott for Plaintiffs and Appellants.

John H. Larson, County Counsel, John R. Ellis and Rafael A. Ongkeko, Deputy County Counsels, for Defendant and Respondent.

**OPINION**

**STEPHENS, J.**—Naomi Van Hook and Meredith Cox (hereafter appellants) appeal orders denying attorney's fees. Appellants contend that (1) the trial court erred in refusing to award reasonable attorney's fees to appellants who were successful petitioners under the provisions of Government Code section 31536; (2) the intent of the statute requires that such fees should be awarded; and (3) the fees were denied on inappropriate grounds.

Pursuant to the stipulation of the parties and the order of this court filed September 17, 1982, appellant Van Hook's and appellant Cox's cases were consolidated on this appeal.

The relevant facts are as follows: Appellant Van Hook and appellant Cox filed their respective petitions, each seeking the issuance of a peremptory

writ of mandate ordering respondent to grant them a service-connected disability retirement allowance. Appellants sought costs and reasonable attorney's fees in accordance with Government Code section 31536. Respondent filed an answer and a hearing was held in both cases. In each respective case, appellant's petition for disability allowance was granted but attorney's fees were denied.[1] Appellants moved for reconsideration on the issue of attorney's fees. Each motion was denied.

[1]The trial court found as follows:

"1. Meredith Cox is entitled to a service-connected disability pension retroactive to petitioner's last day of service with legal interest rate assessed on the amount of pension that is retroactive.

"2. Mr. Cox, by written contract dated 11/29/79, agreed to pay his attorneys a contingent fee of $6,000.00 for legal representation in Superior Court.

"3. The Court found that petitioner's counsel did an excellent job in representing his client and in obtaining a recovery for him.

"4. The Court denied the recovery of attorney fees pursuant to Government Code Section 31536 because it determined that only a small proportion of petitioner's problems could be attributed to service-connected factors and therefore it was fair for petitioner to pay his attorney fees rather than for respondent to pay them.

"5. The Court determined that respondent is not required to pay attorney fees where the overall recovery obtained by petitioner far exceeds a fair recovery and where such recovery is in an amount greatly in excess of any attorney fees petitioner may be obligated to pay.

"6. The Court determined that as retirement law has been interpreted to allow the employee to receive a 100% service-connected disability pension even if only 1 or 2% of the disability is actually attributable to his employment, the Court can exercise its discretion under Government Code Section 31536 in determining the fairness of the award in relationship to the award of attorney fees.

"7. The legislative history of Government Code Section 31536 was incorporated by reference as part of the Petition in this matter.

"8. Government Code Section 31536 does not require the Court to establish that the agency's conduct has been arbitrary and capricious in order to make an award of attorneys fees.

"9. The Court determined that it was not substantial justice in this case to award attorney fees because to do so would be in addition to the very substantial award already obtained by petitioner.

"10. The Court determined that its discretion was to determine not only whether attorney fees should be awarded at all, but also in what amount such fees should be awarded.

"11. The Court determined that it was a matter within the Court's discretion to deny attorney fees as long as substantial justice is accomplished. In this case, the Court determined that substantial justice required that the fees not be awarded based upon the size of petitioner's disability allowance.

"12. The Court found that petitioner was entitled to and did receive a service-connected disability pension which is a massive payment of taxpayers' monies for his benefit over the rest of his life. The Court determined in its discretion that the issue of whether the petitioner's award is large or small is directly related to whether the Court should award attorney fees under Government Code Section 31536."

"From the foregoing findings of fact, the [trial] court conclude[d]:

"1. Government Code Section 31536 permits the Court in its discretion to decide whether the petitioner is entitled to the award of *any* attorney fees based upon whether the disability allowance received is awarded where only a small part of the disability is actually attributable to a work-incurred injury.

"2. The Court can exercise its discretion to deny attorney fees where the overall recovery is sufficient to cover the attorney fees the petitioner may be obligated to pay.

"3. Attorney fees awarded under Government Code Section 31536 are classified as costs

## DISCUSSION

■ Appellants contend that the intent of the statute requires that reasonable attorney's fees should be awarded. Appellants further contend that the fees were denied on inappropriate grounds.

Government Code section 31536 provides: "If a superior court reverses the denial by the board of an application for a retirement allowance, or for a survivor's allowance based on such allowance, or for a claim based on a claimed pension right or benefit, the superior court in its discretion may award reasonable attorney's fees as costs to the member or beneficiary of the member who successfully appealed the denial of such application. Such costs should be assessed against the board, shall be considered a cost of administration, and shall in no event become a personal liability of any member of the board."

We have not been cited to any case authority specifically interpreting Government Code section 31536. We therefore examine the legislative history to determine the intent in adding this provision to the County Employees Retirement Law of 1937.

Bearing in mind the desire of the Legislature to provide equity between the disabled person who successfully litigates his disability retirement case and the public body who has "house" counsel, we nevertheless may not rewrite legislation in a manner clearly not intended.

First, we note that the initial bill espousing the awarding of attorney's fees to the successful applicant for disability retirement mandated the awarding of fees.[2] The state's legislative counsel advised that "This bill would

---

of administration.

"4. The Court does not challenge the reasonableness of the contingent fee agreement reached between petitioner and counsel, but in its discretion determined not to order respondent to pay such fees.

"5. Petitioner should pay the attorney fees because the recovery gained through counsel's efforts enabled him to pay the fee earned by counsel."

[2]Assembly Bill No. 3549, 1976 Regular Session, provided in part: "If a superior court reverses the denial of an application by the board for a service-connected disability retirement allowance, or a survivor's allowance based on such allowance, or for a claim based on an existing pension right or benefit, the superior court *may award* reasonable court costs and attorneys fees to the member or beneficiary of the member who appealed the denial of such application. . . . (Italics added.)

The author amended the bill to read, in pertinent part, as follows:

"(a) If a superior court reverses the denial of an application by the board for a service-connected disability retirement allowance, or a survivor's allowance based on such allowance, or for a claim based on an existing pension right or benefit, the superior court *shall allow* reasonable costs of litigation as costs unless specifically prohibited or limited by statute or unless the parties have provided otherwise, either by express or implied agreement, to

*require* a superior court, unless specifically prohibited or limited by statute, or by an express or implied agreement of the parties, to award reasonable costs of litigation, as defined, to a prevailing member, . . ." (Italics added.) In this form, the bill passed but was vetoed by then Governor Brown. In the following session a similar bill was introduced (Sen. Bill No. 679); however, it *commenced* with the mandatory word "shall" and was then amended to the permissive word "may." This bill likewise passed but met the same veto fate. On the third effort (Assem. Bill No. 2365 (1978 Reg. Sess.), again containing the permissive word "may," passed. The Legislative Counsel advised that the bill would allow a superior court, in its discretion, to award reasonable court costs and attorney's fees. When the bill was before Governor Brown for signature, there was submitted a Legislative Counsel's digest which recognized this as the third effort. Significantly, the Governor was also advised as follows:

"This bill was introduced last session, and vetoed. It would allow judges to award attorney's fees to a '37 Act County member who successfully argues against a retirement denial of allowance.

"We argued against the original proposal because it was not permissive (*this bill is*) because only the client, not the County, could hope for legal fees, and because it might increase litigations."[3]

The bill was allowed to become law without the Governor's signature. Appellant argues, however, that the permissive expression of the section relates only to the amount of attorney's fees, not to the granting of such fees.

We have not reached the point in opinion writing which requires the parsing of a sentence to establish the meaning of the sentence "[T]he su-

---

the member or beneficiary of the member who appealed the denial of such application. Such costs of litigation shall be assessed against the board, shall be considered a cost of administration and shall in no event become a personal liability of any member of the board.

"(b) As used in this section, costs of litigation include attorney's fees, expert witness' fees and expenses, costs of necessary investigation, and such other expenses as are necessarily incurred for the action or proceeding." (Italics added.)

[3]A letter urging the approval by the Governor was submitted by the then vice president of the "California Retired County Employees Association" (the letter bearing the letterhead of "Retired Employees of Santa Barbara County"), and in that letter it is argued:

"In 1977 a similar bill was introduced by Senator Wilson (SB 679) with the cost of litigation provision stricken from the bill at my request, so that the bill provided only for attorney's fees to the prevailing member. The bill was further amended at my request by striking the word 'shall' and inserting the word 'may' making the bill permissive. The Governor again vetoed this bill with the following message: 'Given the adequate administrative remedy, I do not see the justification for changing the law with respect to the awarding of attorney fees for those who enter the judicial process.' As you are aware the law requires that all administrative remedies must be exhausted before appealing to the Superior Court."

perior court in its discretion may award reasonable attorney's fees." Clearly "in its discretion" relates to "may award." We therefore hold that the intent gleaned from the legislative history of section 31536 as well as its grammatical construction is that the granting or denial of attorney's fees under this section is within the permissive discretion of the trial court.[4]

■ Did the trial court exercise that discretion authorized by the code? We determine that it did. The court minutely spelled out its reasons for denying any attorney's fees in these cases. Though we have heretofore set forth at length the court's statements, in sum, it concluded that the disabling factor of county work, vis-a-vis nonwork related factors, was small, i.e., in the one case 70 percent versus 30 percent if the applicant's medical claims were accepted in full. From the court's comments and findings, it appears that a lesser percentage was accepted as work related. Under such circumstances, the court concluded that the imposition of attorney's fees as costs would be inequitable because the lifetime award was substantial in *amount*.

Our attention is called to Government Code section 31720, as in effect at the time of trial, wherein only a small portion of the disability being county work related, it was nevertheless sufficient to qualify the claimant to 100 percent of the disability retirement allowance for such benefits are not apportionable. The trial court obviously considered this extreme posture of the law in exercising its discretion. In 1980 there was an amendment to section 31720 requiring that the county's portion of the disability must contribute "substantially to such incapacity." While we do not use this subsequent amendment in arriving at our conclusion supportive of the discretionary factors considered by the trial court, it nevertheless confirms the correctness of those factors utilized by it, hence our reference thereto, by way of recognition of the amendment.

The orders are affirmed.

Feinerman, P. J., and Hastings, J., concurred.

---

[4]There is no similarity of wording between Government Code section 800 and the section in question before us. Section 800 provides that, at the determination of the successful claimant, attorney's fees not to exceed $1,500 are to be awarded. The section 800 relief is predicated upon a showing that the administrative body acted arbitrarily or capriciously. To adopt appellants' rationale would make section 800 unnecessary and meaningless.