[No. B012999. Second Dist., Div. Seven. Dec. 18, 1986.]

WINICK CORPORATION, Plaintiff and Appellant, v.
SAFECO INSURANCE COMPANY OF AMERICA,
Defendant and Respondent.

**COUNSEL**

Haight, Dickson, Brown & Bonesteel, Roy G. Weatherup, Hall R. Marston, Robert M. Dato, Jose H. Garcia, Golde & Higer and David J. Golde for Plaintiff and Appellant.

Booth, Mitchel, Strange & Smith, George C. Mitchel and Ellen McKissock for Defendant and Respondent.

**OPINION**

**JOHNSON, J.—**

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

The essential facts of this appeal are rather straightforward. Appellant Winick Corporation (Winick) was a subcontractor on a public works project. The general contractor obtained a "payment bond" from respondent Safeco Insurance Company (Safeco). When the general contractor failed to pay for labor and materials Winick had supplied, it served a "Stop Notice" on the public agency which had contracted for the project. In order to continue with construction, the general contractor obtained a "stop notice release bond" from another insurance company.

On May 14, 1981, Winick filed a lawsuit against everyone involved, including a cause of action against Safeco. However, the summons and complaint was not served on Safeco until May 23, 1984, over three years after the case had been filed. Safeco moved to quash service of summons

and to dismiss the action against it for failure to serve and return service within three years. These motions were dismissed initially on the specific grounds Code of Civil Procedure section 990 allows three years *and ninety days* for service of summons and return.

Safeco then filed a renewed motion under Code of Civil Procedure section 581a for failure to serve and return service within three years or alternatively to reconsider the initial denial of its motion to dismiss. The hearing on these motions was continued several times. During this time a Court of Appeal filed *Republic Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 1253 [207 Cal.Rptr. 241]. Under authority of this case, the trial court granted Safeco's motions quashing service of summons and dismissing the action against Safeco with prejudice.

Eighteen days later Safeco proceeded to file a memorandum of costs and disbursements seeking $68 in "clerk's fees" and $12,481 in attorney fees under Civil Code section 1717. Winick responded by filing a motion for an order taxing costs raising three objections: (1) Safeco's memorandum was not timely filed since Code of Civil Procedure section 1033 requires a memorandum of costs to be filed no later than 10 days after entry of judgment; (2) Safeco erroneously based its request for attorney fees on Civil Code section 1717; and (3) the amount of the attorney fee request was unreasonable and inadequately supported by Safeco's submission.

After a further exchange of memoranda, declarations, and the like, the hearing took place on February 28, 1985. The court first granted Safeco's motion for relief under Code of Civil Procedure section 473 for its failure to file the memorandum of costs in a timely manner. It then denied Winick's motion to tax costs with the exception of $488 for clerk's time. This left standing an attorney fee award in the amount of $12,061. Winick filed a timely notice of appeal from the denial of its motion to tax costs.

### DISCUSSION

On this appeal, Winick does not object to the dismissal of its cause of action against Safeco, with prejudice. It only challenges the existence and amount of the attorney fee award. Winick first contends Safeco is not entitled to any attorney fee award at all because it does not qualify as a "prevailing party" in the underlying litigation. Alternatively, assuming *some* attorney fee award is proper, Winick argues the amount the trial court awarded is unreasonable and inadequately supported by the record before the court. It asks us to reverse the denial of its motion to tax costs or, in the alternative, to remand the case to the trial court for further proceedings as to the reasonableness of the attorney fee request.

## I. Safeco's Success in Obtaining a Dismissal With Prejudice for Failure to Timely Serve the Summons Qualifies It as a "Prevailing Party" Under Civil Code Section 3250

This case apparently raises a narrow issue of first impression—must a defendant obtain a judgment on the merits to qualify as a "prevailing party" entitled to an attorney fee award under Civil Code section 3250? The latter section provides the basis for this attorney fee award and reads: "An action on the payment bond may be maintained separately from and without the filing of an action against the public entity by whom the contract was awarded or any officer thereof. In any action, the court *shall* award to the *prevailing party* a reasonable attorney's fee, to be taxed as costs." (Italics added.)

██ Under the traditional "American rule" each litigant must bear its own legal fees—whether it wins or loses. ██ Section 3250 is one of a steadily growing family of statutes which modify this rule for certain kinds of litigation.[1] A majority of these statutes only authorize courts to award attorney fees to winning plaintiffs while others only allow fee awards to winning defendants. The remainder are like section 3250 in allowing either side to obtain attorney fees if—but only if—they *prevail*. (Pearl, *op. cit. supra*, pp. 165-195.) However, section 3250 is different from many fee shifting statutes in *requiring* rather than permitting the trial court to award attorney fees to the prevailing party. That is, it provides "the court shall" not "the court may" award fees. Consequently, if Safeco qualifies as a "prevailing party" it has a legal right to reasonable attorney fees no matter how the trial judge or this court might feel about whether equity or public policy are served by shifting fees in this particular case.

Winick contends Safeco is not a "prevailing party" in this action because it did not win a judgment "on the merits" but only on "technical grounds." Both parties appear to assume that if a case must be decided "on the merits" to qualify for attorney fees what happened here—a dismissal for failure to timely serve the summons—would not satisfy that standard and thus would not sustain the trial court's grant of fees. Consequently, we turn to the question of what it takes to be a "prevailing party."

Neither party cited any cases under section 3250 which interpret the term "prevailing party." Nor has our research uncovered any. So we must look elsewhere. Winick points to decisions interpreting the pre-1981 version of

---

[1]As of 1985 there were at least 210 separate fee-shifting statutes. (Cal. Attorney's Fee Award Practice (Cont.Ed.Bar 1982) Appen. B, pp. 165-195; *id.* (Pearl, Cont.Ed.Bar Supp. 1985) pp. 67-71.)

Civil Code section 1717 which it contends interpreted "prevailing party" to require a decision "on the merits" before a trial court could award fees. (*International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 221-225 [145 Cal.Rptr. 691, 577 P.2d 1031]; *Samuels* v. *Sabih* (1976) 62 Cal.App.3d 335, 339-340 [133 Cal.Rptr. 74].) ■ Section 1717 outlines the ground rules where a *contract* as opposed to a specific statute authorizes fee-shifting. Thus, it does not control whether and how fee-shifting is to take place under section 3250. Nonetheless, interpretations of the term "prevailing party" in section 1717 would at least be persuasive in construing the identical term in section 3250. However, the pre-1981 version of section 1717 contained an express and limited definition of what was meant by "prevailing party" in that statute. It said "'prevailing party' means the party in whose favor final judgment is rendered." When in *International Industries, Inc.* v. *Olen, supra,* 21 Cal.3d 218 the Supreme Court construed this definition to deny attorney fees to defendants where a plaintiff *voluntarily* dismisses its action *without prejudice*, the Legislature responded by changing the statutory definition of "prevailing party." It now expressly allows fee award to the prevailing party no matter whether the litigation ended in a "final judgment."

Thus, even if the statutory definition of "prevailing party" in section 1717 somehow controlled the definition of the same words in section 3250— which it does not purport to do—the current definition actually supports the interpretation that fees should be awarded even without a final decision on the merits. And indeed this is how the present section 1717 has been interpreted. For example, in *Lanyi* v. *Goldblum* (1986) 177 Cal.App.3d 181 [223 Cal.Rptr. 32], the court approved an attorney fee award for a plaintiff where the action had terminated through his acceptance of an offer of compromise under Code of Civil Procedure 998.

■ As we look beyond section 1717, we find "prevailing party" has been defined in other contexts to allow attorney fee awards even where there has been no decision on the merits. The California Supreme Court has quoted with approval from the United States Supreme Court's admonition "that the inquiry as to a party's success must be a pragmatic one that may range outside the merits of the underlying dispute. 'It's initial focus might well be on establishing the precise factual/legal condition that the fee claimant has sought to change or affect . . . .'" (*Folsom* v. *Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 685 [186 Cal.Rptr. 589, 652 P.2d 437].) Although this comment was made about *plaintiffs* who were seeking fee awards without reaching a decision on the merits, it makes equal sense when interpreting a statute which expressly *mandates* attorney fees for prevailing defendants as well as prevailing plaintiffs.

Undertaking a "pragmatic inquiry" into whether the defendant prevailed in the instant case we first note what it obtained was a dismissal *with prejudice* which has the effect of a final judgment. (*Foreman Roofing Inc.* v. *United Union of Roofers etc. Workers* (1983) 144 Cal.App.3d 99 [192 Cal.Rptr. 439].) This achieved one hundred percent of the "precise factual/legal condition" Safeco "sought to change or affect." The most Safeco—or any other civil defendant—ordinarily can hope to achieve is to have the plaintiff's claim thrown out completely. This is exactly what happened here. In "pragmatic" terms, it does not make any difference whether this total victory comes only after a jury reaches a verdict as to each and every substantive issue or whether, as here, it comes through a judge's decision the plaintiff waited too long to serve its complaint on the defendant. In any practical sense of the word, the defendant "prevailed."

In *Coalition for Economic Survival* v. *Deukmejian* (1985) 171 Cal.App.3d 954 [217 Cal.Rptr. 621], this division confronted a like issue in a very different context. There the plaintiffs, a group of welfare recipients, sought an order compelling the state government to continue welfare checks during a budget impasse. The plaintiffs lost in the trial court but won a stay in the California Supreme Court. As a result, the first round of checks—amounting to millions of dollars—was released. Predictably, before the Supreme Court could reach the merits of the controversy, the budget impasse was resolved. The state argued the welfare recipients were not entitled to attorney fees because they had not won a decision "on the merits." We rejected this notion. "[A]lthough we recognize the stay granted by the Supreme Court was not a decision on the merits, this decision had the effect of a final decision—it gave the plaintiffs a substantial amount of the ultimate relief they requested." (*Id.*, at p. 962.) Accordingly, we held the welfare recipients indeed qualified as "prevailing parties" and were entitled to their attorney fees. The instant case is an even more compelling one for finding Safeco was a "prevailing party." In this case there *was* a final judgment in favor of Safeco which gave it *all* the "relief it requested." Accordingly, we hold it is a "prevailing party" within the meaning of section 3250 and thus entitled to an attorney fee under that section. Safeco likewise is the "prevailing party" on this appeal which is part of the action on the bond. Consequently, it is entitled to reasonable attorney fees in this appeal to enforce its attorney fee award.

## II. THE AMOUNT OF THE ATTORNEY FEE THE TRIAL COURT AWARDED DID NOT CONSTITUTE AN ABUSE OF DISCRETION

Winick contends the $12,061 attorney fee award was excessive on its face and was not justified by the evidence before the trial court. The proper amount of attorney fees for work performed in the trial court is left

to the sound discretion of the trial court. Its decision on this issue "cannot be reversed in the absence of an abuse of discretion." (*Melnyk* v. *Robledo* (1976) 64 Cal.App.3d 618, 623 [134 Cal.Rptr. 602].) We have examined the record and do not find an abuse of discretion. Although this case was decided on an early motion, there were several hearings and several exchanges of written arguments, declarations, and the like. Safeco's verified bill of costs is reasonably detailed and Winick failed to challenge any individual items in the trial court. Thus, the trial court was entitled to rely on it in assessing the appropriate award. (*Mojave & B. R. Co.* v. *Cuddeback* (1915) 28 Cal.App. 439 [152 P. 943]; *Oak Grove School Dist.* v. *City Title Ins. Co.* (1963) 217 Cal.App.2d 678 [32 Cal.Rptr. 288].)

At the trial level, and here, Winick relies primarily on its contention $12,061 is too much on its face for a defendant's work on a case which is dismissed for failure to timely serve the summons. Winick cites *Tedeschi* v. *Smith Barney, Harris Upham & Co.* (S.D.N.Y. 1984) 579 F.Supp. 657; affd. (2d Cir. 1985) 757 F.2d 465 where the court refused to grant a defendant $49,235.75 in attorney fees for winning a dismissal at the motion stage. However, this same court did award a reduced sum—$10,000—to the defendant. We do not believe the trial court in the instant case abused its discretion in honoring a fee request which was within $2,000 of the *Tedeschi* award.

## DISPOSITION

The judgment is affirmed. Respondent to receive its costs and attorney fees on appeal.

Lillie, P. J., and Thompson, J., concurred.