[No. S010851. Nov. 26, 1990.]

SAAD MORCOS, Plaintiff and Respondent, v.
BOARD OF RETIREMENT OF LOS ANGELES COUNTY
EMPLOYEES' RETIREMENT ASSOCIATION, Defendant and
Appellant.

COUNSEL

De Witt W. Clinton, County Counsel, and Greg Holland, Deputy County Counsel, for Defendant and Appellant.

Lemaire & Faunce, Steven R. Pingel, Mark Ellis Singer and Edward L. Faunce for Plaintiff and Respondent.

OPINION

**BROUSSARD, J.**—We granted review in this case to decide whether under Government Code section 31536[1] a successful retirement applicant may recover attorney fees incurred in defending the judgment of the superior court on appeal. Section 31536 authorizes the superior court to award fees

---

[1] All statutory references are to the Government Code unless otherwise indicated.

to a successful applicant, but does not expressly state whether it applies to attorney fees incurred in successfully defending a favorable judgment before the Court of Appeal or the Supreme Court. A divided Court of Appeal held it does not.

We conclude that the Court of Appeal erred in its interpretation of section 31536. Numerous cases construing similar statutory attorney fee provisions have routinely interpreted such provisions to permit a successful litigant to recover attorney fees incurred on appeal, and there is no reason to believe that the Legislature intended to provide a more restricted scope of recovery under section 31536. Indeed, the Court of Appeal's restrictive reading of the statute is inconsistent with the legislative purpose of the provision. Accordingly, we reverse the judgment of the Court of Appeal.

## I. FACTS

Petitioner was employed by Los Angeles County as an accountant with the health services department. In December 1982 petitioner was struck by ceiling tile while he was sitting at his desk. He claims the injury caused psychiatric difficulties which prevented him from continuing his employment. The Board of Retirement of the County of Los Angeles Employees' Retirement Association (Board) denied his application for service-connected disability retirement.

Petitioner sought review of the Board's decision in superior court pursuant to section 1094.5 of the Code of Civil Procedure. After full briefing and argument, the trial court overturned the Board's decision and granted the requested writ, awarding petitioner attorney fees for the expenses incurred in superior court.

The Board then appealed the trial court decision to the Court of Appeal, contending the trial court had erred in ruling in favor of petitioner. In his appellate brief, petitioner defended the trial court judgment on the merits, and also sought an award of attorney fees for the additional legal expenses incurred in defending the judgment on appeal.

The Court of Appeal ruled in favor of plaintiff on the merits and affirmed the trial court judgment. With respect to petitioner's request for attorney fees on appeal, however, the court, in a divided decision, ruled against petitioner, concluding that the language of the applicable statute did not authorize an award of appellate attorney fees.

We granted review to consider the validity of the Court of Appeal's statutory interpretation.

## II. Discussion

■ The only issue before us is whether attorney fees incurred on appeal are recoverable under section 31536.[2] The conclusion of the Court of Appeal that attorney fees are not recoverable ignores settled case law which has established the general principle that statutes authorizing attorney fee awards in lower tribunals include attorney fees incurred on appeals of decisions from those lower tribunals. Moreover, the Court of Appeal's decision frustrates the expressed intent of the Legislature in enacting section 31536 to remedy the disparity between government entities which enjoy "house" counsel and disabled applicants forced to incur attorney fees to secure the benefits to which they are entitled.

The Court of Appeal based its conclusion on the language of section 31536, which provides simply that *"the superior court* in its discretion may award reasonable attorney's fees as costs to the member . . . who successfully appealed the denial of such application." (§ 31536, italics added.) The court reasoned that because the statute authorized the superior court to award fees but said nothing about the Courts of Appeal or Supreme Court having a similar authority to award fees, the statute should not be construed to grant such authority to the appellate courts. This reasoning and conclusion ignores the great body of cases which have—in similar circumstances—concluded that comparable statutory attorney fee provisions should be interpreted to authorize attorney fees on appeal, as well as at trial.

The primary justification the Court of Appeal offers for this position is that nowhere in the legislative history did the Legislature expressly state it intended pensioners to be entitled to awards for attorney fees incurred at the appellate stage of proceedings. But the silence in the legislative history by no means justifies refusal of appellate fees under this statute.

"[I]t is established that fees, if recoverable at all—pursuant either to statute or parties' agreement—are available for services at trial *and on appeal.*" (Italics added.) (*Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 637 [186 Cal.Rptr. 754, 652 P.2d 985]; accord *Russell* v. *Thermalito Union School Dist.* (1981) 115 Cal.App.3d 880 [176 Cal.Rptr. 1].) Indeed, appellate courts have consistently permitted a successful party to recover attorney fees incurred on appeal when a statute expressly permits such an award in the trial court or other lower tribunal. For example, in *Russell, supra,* the Court of Appeal addressed Education Code section 44944, subdivision (e), which

---

[2] Section 31536 provides in pertinent part: "If a superior court reverses the denial by the board of an application for a retirement allowance, . . . or for a claim based on a claimed pension right or benefit, the superior court in its discretion may award reasonable attorney's fees as costs to the member . . . who successfully appealed the denial of such application."

provides that a school district is required to pay an employee's reasonable attorney fees if the Commission on Professional Competence determines he should not be dismissed.[3] The court held that the employee "is entitled to reimbursement for legal fees paid not only for representation before the commission, but also in the superior court and on appeal." (115 Cal.App.3d at p. 884.)

Similarly, in *Roberts* v. *Brian* (1973) 30 Cal.App.3d 427 [106 Cal.Rptr. 360], the Court of Appeal considered Welfare and Institutions Code section 10962, which provides that the State Department of Health Care Services is required to pay an indigent's reasonable attorney fees if the trial court finds the indigent was entitled to individualized care under Medi-Cal.[4] The court held this language to mean the applicant or recipient is entitled to attorney fees incurred on appeal as well as at trial. Justice Lillie writing for the court reasoned that, "as ' "[a] contract for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial," . . .' so too does the statute here." (30 Cal.App.3d at p. 430, citations omitted.) As the court recognized, the applicant "stood as much in need of an attorney in the appellate as in the lower court." (*Ibid.*, citation omitted.)[5] What Justice Lillie said in *Roberts* applies with equal force in the present case. Though the statute only made express reference to the superior court, petitioner "stood as much in need of an attorney in the appellate as in the lower court." Certainly there is nothing in the language of section 31536 suggesting otherwise.

The Board additionally relies upon *Holtz* v. *San Francisco Bay Area Rapid Transit Dist.* (1976) 17 Cal.3d 648, 658 [131 Cal.Rptr. 646, 552 P.2d

---

[3] Education Code section 44944, subdivision (e) provides in pertinent part: "If the Commission on Professional Competence determines that the employee should not be dismissed or suspended, the governing board shall pay the expenses of the hearing, including . . . reasonable attorney fees incurred by the employee."

[4] Welfare and Institutions Code section 10962 provides in relevant part: "The applicant or recipient or the affected county . . . may file a petition with the superior court . . . praying for a review of the entire proceedings in the matter . . . . [¶] . . . The applicant or recipient shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor."

[5] *Roberts* and *Russell* v. *Thermalito Union School Dist.* are not exceptions. Courts have also awarded attorney fees incurred on appeal pursuant to the following statutes, none of which expressly states the prevailing party is entitled to attorney fees on appeal: Civil Code section 1717 (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 64-65 [112 Cal.Rptr. 910]); Civil Code section 2983.4 (*Leaf* v. *Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371, 378, 379 [120 Cal.Rptr. 749]); Civil Code section 3250 (*Winick Corp.* v. *Safeco Insurance Co.* (1986) 187 Cal.App.3d 1502, 1508 [232 Cal.Rptr. 479]); Civil Code section 3496 (*People* ex rel. *Cooper* v. *Mitchell Brothers' Santa Ana Theater* (1985) 165 Cal.App.3d 378, 387 [211 Cal.Rptr. 501]); Code of Civil Procedure section 1021.5 (*Serrano* v. *Unruh, supra,* 32 Cal.3d at p. 639); Corporations Code section 317 (*Fed-Mart Corp.* v. *Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 229 [168 Cal.Rptr. 525]); Government Code section 27648 (*Municipal Court* v. *Bloodgood* (1982) 137 Cal.App.3d 29, 48 [186 Cal.Rptr. 807]); Government Code section 54960.5 (*San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 781 [192 Cal.Rptr. 415]).

430], for the proposition that appellate attorney fees are not recoverable here. In *Holtz* this court found that former Code of Civil Procedure section 1246.3,[6] allowing for the recovery of attorney fees to a prevailing plaintiff in an inverse condemnation proceeding at the trial level, does not allow for the recovery of attorney fees on appeal. Our very brief discussion of the attorney fee issue in *Holtz* (17 Cal.3d 648, 658-659), however, did not analyze or even refer to the great number of cases discussed above which embody the general rule that statutory attorney fee provisions are interpreted to apply to attorney fees on appeal unless the statute specifically provides otherwise. For this reason, we conclude that the *Holtz* decision does not justify a departure from, or repudiation of, the general rule.[7]

Section 31536 was enacted to correct the disparity between private individuals living on reduced or fixed incomes who seek to recover their pension benefits versus the government entities which employ their own "house" counsel. (See Sen. Com. on Judiciary, Rep. on Assembly Bill No. 2365 (1977-1978 Reg. Sess.) County Employees Retirement Law of 1937, Attorney Fees, p. 2; *Van Hook* v. *Board of Retirement* (1983) 148 Cal.App.3d 714, 717 [196 Cal.Rptr. 186] [in enacting § 31536, the Legislature sought "to provide equity between the disabled person who successfully litigates his disability retirement case and the public body who had 'house' counsel"].) Construing section 31536 to permit a successful claimant to recover attorney fees incurred during the appellate process furthers this legislative intent. The relative parity between the government entity and the successful applicant that section 31536 was intended to achieve would be lost if the government were free to pursue appellate review with its own counsel while the applicant is forced to incur nonrecoverable fees in defending the trial court's decision.

The legislative history speaks loudly and clearly as to the purpose of section 31536—to place the government and individual pensioners on a level playing field when it comes to litigation over benefits. This legislative purpose can be achieved only if successful pensioners may recover the attorney fees they incur in the appellate courts as well as during the earlier stages of their proceedings in the trial courts. As the cases have established, since attorney fees are properly recoverable in the trial court for petitioner's

---

[6] Former Code of Civil Procedure section 1246.3 was repealed and continued in Code of Civil Procedure section 1036 without change.

[7] We have no occasion in this case to determine the continued validity of *Holtz* with regard to the proper interpretation of Code of Civil Procedure section 1036, the statute governing the recovery of attorney fees in inverse condemnation actions. The determination of whether *Holtz*'s interpretation of the statute should be modified at this point would require consideration of the proper demands and limits of the principle of stare decisis. In our view, such an inquiry should appropriately await a case in which the interpretation of Code of Civil Procedure section 1036 is directly at issue.

success there, they should be recoverable for his continued success on appeal. (See, e.g., *Serrano* v. *Unruh, supra*, 32 Cal.3d at pp. 637-638; *Painter* v. *Estate of Painter* (1888) 78 Cal. 625, 627-628 [21 P. 433].)

We reverse the Court of Appeal judgment insofar as it concludes that section 31536 does not authorize an award of attorney fees for services rendered on appeal.

Lucas, C. J., Panelli, J., Eagleson, J., Arabian, J., and White, J.,* concurred.

**MOSK, J.**—I concur.

However, I cannot join in the implied criticism of *Holtz* v. *San Francisco Bay Area Rapid Transit Dist.* (1976) 17 Cal.3d 648 [131 Cal.Rptr. 646, 552 P.2d 430]. *Holtz* was a unanimous opinion of this court, rendered in an inverse condemnation matter. The court interpreted the provisions of what is now Code of Civil Procedure section 1036 (hereafter section 1036) and found them to be unambiguous on the subject of attorney fees to the prevailing party.

Whether section 1036 is wise may well be debatable, but the debate must be conducted in legislative halls and not in a judicial opinion. Since section 1036 applies only to inverse condemnation proceedings, and the instant case does not involve inverse condemnation, any discussion of the code section is misplaced. The doctrine of stare decisis applies and requires us to adhere to the rule of *Holtz* in an appropriate case. As the majority indicate, this is not such a case.

---

* Presiding Justice, Court of Appeal, First Appellate District, Division Three, assigned by the Chairperson of the Judicial Council.