Filed 2/18/25  Sarad v. Lorenz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN SARAD,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VALERIE STAFFORD ECKLES LORENZ, as Trustee, etc., et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B322452<br>(Super. Ct. No.  16CV05193)<br>(Santa Barbara County) |

Appellant John Sarad appeals from the order apportioning fees and costs of partition.  He contends the trial court abused its discretion in apportioning respondents' attorney fees and tax penalties to him.  We affirm.

FACTS AND PROCEDURAL HISTORY

In 2005, Sarad acquired a 34.29% ownership interest in property (Property) located in Orcutt.  The rest of the interest was owned by respondents as follows: Sean Gabbert owned 15.2%

interest, Nora Minnies owned 15.2% interest, Thomas Gabbert owned a 15.2% interest, Stephen Gabbert owned a 15.2% interest, and Valerie Lorenz owned a 4.8% interest.

From 2008 to 2013, the owners did not pay property taxes on the Property. In December 2013, the tax assessor's office sent the owners a notice of delinquency, stating that if the past due property taxes were not paid in full, the Property would be subject to a tax sale. Sean Gabbert (Sean[1]) paid both his and Sarad's share of the delinquent property taxes to prevent foreclosure. From then until 2015, Sean continued to pay his share and Sarad's share of the property taxes without reimbursement from Sarad. After 2015, Sean could no longer afford to pay his and Sarad's share. From 2016 to 2022, the owners stopped paying property taxes and incurred penalties and fees.

In November 2016, Sarad sued the other owners for partition of the Property. He moved to appoint a referee to sell the Property, which the trial court denied. Subsequently, the parties agreed to sell the Property. The trial court ordered the Property to be sold pursuant to the terms of the parties' agreement, with outstanding taxes to be paid through escrow and the remainder of the funds to be held in trust pending resolution of the division of funds.

Sarad selected a realtor, Duke Parmelly. Respondents proposed another realtor, Richard Watkins. The Property appraised for $750,000. The trial court selected Parmelly as the realtor and ordered the Property to be sold at the appraised value with the proceeds to be placed in escrow. The parties later stipulated to increasing the listing price to $950,000.

---

[1] We use Sean's first name for clarity. No disrespect is intended.

2

The parties signed a listing agreement with Parmelly. However, Sarad modified the agreement to prohibit the property from being listed on the multiple listing service ("MLS"). Parmelly sent a cancellation of the listing, stating he would no longer act as the listing agent. The parties agreed to appointing Watkins as the new realtor.

In April 2022, respondents filed an ex parte application seeking an order to have funds from the property sale placed in a third-party escrow account pending resolution of the allocation of funds. The court granted the order. The Property sold for $1,172,136.33.

Respondents filed a motion for apportionment. Sarad did not file a written opposition, any evidentiary objections, or present any evidence. Sarad also did not file a separate motion for apportionment. Respondents requested Sarad pay them $187,034.92 from his portion of the sale proceeds, which included $59,553.22 for reimbursement to Sean for past tax payments, $1,508.76 for his share of appraisal costs, $40,065.28 for tax penalty obligations, and $85,907.66 for attorney fees and costs. Respondents submitted declarations and evidence, including correspondence and tax bills to show that Sarad had refused to pay his share of taxes since 2008 and refused to reimburse Sean. The evidence also showed that Sarad attempted to force a tax sale and acquire the Property for himself.

At the evidentiary hearing on the motion, Sarad did not submit any documentary evidence, but testified on his own behalf. His testimony only pertained to the amount of reimbursement he owed to Sean for tax payments. At the conclusion of the hearing, the trial court ordered Sarad's share of the sales proceeds to be reduced in the amount of $187,034.92.

3

DISCUSSION

Sarad contends the trial court erred in awarding respondents attorney fees under Code of Civil Procedure[2] section 874.010, that substantial evidence did not support the amount of tax penalties and attorney fees apportioned to Sarad, and that the appraisal costs were incorrect. Respondents argue Sarad forfeited his contentions because he did not raise them in the court below. We agree with respondents.

Generally, issues not raised in the trial court cannot be raised for the first time on appeal. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.) "Failure to raise specific challenges in the trial court forfeits the claim on appeal." (*Ibid.*) Thus, " ' " 'we ignore arguments, authority, and facts not presented and litigated in the trial court.' " ' " " ' "Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.] In our adversarial system, each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack. . . ." [Citation.]' [Citation.]" (*Ibid.*)

Here, Sarad claims for the first time on appeal that attorney fees awarded to respondents' counsel from his share of the sale proceeds were "not incurred for the common benefit." He also argues the court abused its discretion in awarding fees that were not yet incurred and only "anticipated," and that the fee total included "unsubstantiated fees." But Sarad never filed an opposition to respondents' motion for apportionment or objected. Nor did he raise these arguments at the hearing on respondents'

[2] Further unspecified statutory references are to the Code of Civil Procedure.

4

motion for apportionment. Because these arguments and the authorities Sarad now cites in his appellate briefs were not presented in the trial court, he has forfeited them on appeal. To the extent Sarad challenges the evidence supporting the attorney fees, he also forfeited any claim of error because he did not object to the evidence in the trial court. We will not consider a challenge to a ruling if an objection could have been made but was not made in the trial court. (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649 (*Boyle*).)

Sarad claims for the first time on appeal that the trial court erred in apportioning "100% of tax penalties" to him rather than in proportion to his ownership interest. Because he did not raise this argument or the related authorities below, he forfeited them. Sarad also did not object to the trial court's final order regarding the allocation of appraisal costs for $1,508.76. Had he objected, the trial court could have addressed and corrected any alleged errors. (*Boyle, supra*, 137 Cal.App.4th at p. 649.) Thus, any claim of error regarding the appraisal costs is also forfeited.

Notwithstanding forfeiture, Sarad does not demonstrate the trial court erred in apportioning respondents' attorney fees and tax penalties to Sarad. Section 874.040 provides that "the court shall apportion the costs of partition among the parties in proportion to their interests or make such other apportionment as may be equitable." Costs include "[r]easonable attorney's fees incurred or paid by a party for the common benefit" and other "disbursements or expenses determined by the court to have been incurred or paid for the common benefit." (§ 874.010, subds. (a) & (e).) The statute "broadly allows the trial court to 'make such other apportionment as may be equitable.'" (*Lin v. Jeng* (2012) 203 Cal.App.4th 1008, 1024 (*Lin*).) "When a trial court makes a ruling based upon equitable

considerations, the abuse of discretion standard applies on review of that ruling. [Citation.] In other words, the ruling must stand unless plaintiffs establish that the trial court exceeded the bounds of reason, resulting in a miscarriage of justice. [Citation.]" (*Id.* at p. 1025.)

In our view, the trial court did not abuse its discretion in apportioning $85,907.66 in attorney fees to Sarad's share of sales proceeds. Section 874.040's broad language permits the trial court to apportion attorney fees based on equitable considerations. (*Lin*, *supra*, 203 Cal.App.4th at p. 1025.) Respondents provided uncontroverted evidence in support of their fees. Respondents' counsel declared that the attorney fees were associated with facilitating the sale of the property and filing the motion for apportionment and that 100% of the fees should be apportioned to Sarad because he engaged in bad faith conduct that increased the cost of litigation. This conduct included refusing to list the property on the MLS and refusing to reimburse Sean for taxes that he paid on Sarad's behalf. Respondents presented exhibits, including email correspondence, documents demonstrating counsel's work related to selling the property, and counsel's time sheets detailing the services she provided, and the fees incurred for each service. The trial court's determination of the value of an attorney's professional services will not be disturbed unless there is a manifest abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) The trial court here found that the amount of attorney fees requested was reasonable, and Sarad does not demonstrate otherwise. We will not disturb that judgment.

We also conclude the court did not abuse its discretion in apportioning tax penalties and reimbursements for taxes to Sarad. Respondents presented Sean's declarations supporting the

6

$59,553.22 reimbursement owed to him.  The declaration included details regarding how much he paid for Sarad's share of taxes and calculated interest for the period between 2013-2022.  Respondents also presented tax bills and documentation showing amounts that Sean paid on behalf of Sarad.  And they presented evidence to support their request that Sarad be ordered to pay all tax penalties from 2008 to the date of sale in the amount of $40,065.28 because Sarad refused to pay his share of taxes, thus forcing the other owners to carry his share to avoid a forced tax sale.  For example, respondents supported their motion with Sean and Stephen Gabbert's declarations stating that Sarad refused to pay his share, email correspondence demonstrating Sarad's refusal to pay, and the tax bills for that time period.  Respondents' evidence was uncontested.  There was no abuse of discretion in apportioning tax penalties to Sarad.

DISPOSITION

The judgment is affirmed.  Respondents shall recover costs on appeal.  Respondents are also entitled to attorney fees incurred on appeal in an amount to be determined by the trial court.  (§§ 874.010, 874.040; see *Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927.)

NOT TO BE PUBLISHED.


BALTODANO, J.

We concur:



GILBERT, P. J.                    CODY, J.

7

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

Barnick Hodges Law Corp., Whitney Northington Barnick; Reed & Nash and Matthew Nash for Plaintiff and Appellant.

Ross Legal Corp and Polina L. Ross for Defendants and Respondents Stephen Gabbert, Valerie Lorenz and Sean Gabbert.

Hutkin Law Firm and Donald L. Mabry for Defendants and Respondents Thomas Gabbert and Nora Minnies.